ORDER
This matter is before the court on "John Harper's Notice of Intend to Defend and Joinder of Parties," (Notice) filed May 13, 2009. Because the case is calendared for trial June 17, 2009, the court accelerated the scheduling of a hearing on May 20, 2009, to address Harper's joinder notice. Appearing at that proceeding were Plaintiff Svetlana Kudina (Kudina), Defendant's representatives Leah Kimsey (Kimsey) and David Armstrong (Armstrong), and John Harper (Harper), Kudina's husband.
By his Notice, Harper states he is a third party-in-interest, filing his "Notice of intend to join, pursuant to TCR 28(A) permissive joinder as the Counter-Defendant in this pending Trial procedure against Counterclaimant Oregon Department Of Revenue." (Notice at 1.) Harper further states that:
 "[t]he proposed change in 2006 filing status for Svetlana Kudina from the Head Of Household to the Married Filing Separately will have direct impact on Mr. Harper 2006 filing status. Pursuant to TCR 29(A)(2)(a), John Harper's absence will impair or impede his abilities to protect his filing status for 2006 tax year."
(Notice at 1-2.)
Finally, Harper states in his Notice that he is not defending against any of the relief demanded by Defendant (regarding other proposed changes to Kudina's 2006 Oregon tax return), except Defendant's proposal to change in filing status. (Id. at 2.) *Page 2 
There was a great deal of discussion about various rules of procedure and constitutional protections and safeguards afforded citizens of the United States, including Harper's right to join in this matter and defend against the proposed change in Kudina's filing status. Also discussed was the objection to Armstrong joining as a representative for Defendant without 5 days prior notice to Harper, and, finally, a request that the magistrate recuse himself from hearing this matter at trial.
The magistrate denied Kudina's request for recusal. Also denied was Kudina's request, joined by Harper, that Armstrong be precluded from representing Defendant without prior written notice to Harper.
Kimsey notified Plaintiff in writing on or about May 15, 2009, that Senior Tax Auditor David Armstrong was being added as an additional representative. Tax Court Rule-Magistrate Division (TCR-MD) 1 E(5)(b) provides in pertinent part: "In the case of any change in representation, notification of the change must be made in writing to the court and all other parties." It is not clear that the addition of a second representative constitutes a "change in representation," or that, if it does amount to a change in representation, that the rule requires Harper to be notified, as he is not a "party" to the appeal. Moreover, when questioned by the court, neither Kudina nor Harper could cite any authority for the 5-day advance notification rule, nor how the addition of a second representative (Armstrong) created any harm or prejudice. Accordingly, the court denied the request that Armstrong be precluded from participating in the May 20, 2009, hearing.
Plaintiff's request for recusal of the magistrate followed the magistrate's refusal to preclude Armstrong from participating in the hearing, and a brief initial statement by the magistrate that Harper appeared to lack standing. The court did not, and does not, believe that recusal is in order. *Page 3 
Finally, there is the matter of Harper's joinder notice. As the court understands the relevant facts, Kudina is an Oregon resident, or at least was an Oregon resident for the year at issue (2006), and that Harper was, and is, a Washington resident. Harper's concern is that, if Defendant succeeds in persuading the court to change Kudina's filing status from Head of Household to Married Filing Separately, the federal government (Internal Revenue Service) will automatically change Harper's 2006 federal filing status. Harper insists that the court's refusal to allow him to join in the present state matter as a party defendant will deny him the right to defend against any proposed changes to his filing status. Kudina argues that a change in her state filing status would generate a notice by Oregon to the federal tax authorities, who in turn will automatically change Harper's filing status. Once that happens, Harper will be required to appeal that change at the federal level and, after he succeeds, Kudina would have to come back to state court and challenge this court's earlier change in her filing status (assuming the court agrees with Defendant in the instant appeal regarding Kudina's 2006 filing status).
Kudina explained that Harper's authority to be joined in this matter can be found in TCR 28 A, the pertinent portion of which reads:
 "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."
Kudina and Harper both argued that under TCR 29 A, joinder was needed for just adjudication because either "complete relief cannot be accorded" in his absence, or "the disposition in [Harper's] absence may * * * impair or impede [his] ability to protect that interest[,]" or leave Harper "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Page 4 
Armstrong stated that Defendant did not necessarily object to Harper joining in the matter, but questioned whether he had standing because ORS 305.275 requires a party to the "aggrieved."
The court does not believe that joinder is necessary or appropriate in this case. Considering the request for joinder under TCR 28 A, the court notes that the decision of "whether to permit joinder of a party under ORCP 28 is within the discretion of the trial court." Hampton TreeFarms, Inc. v. Jewett, 125 Or App 178, 195, 865 P2d 420 (1993),aff'd and rem'd by 320 Or 599, 892 P2d 683 (1995). The language of ORCP 28 is identical to that of TCR 28. The court does not see how Harper's presence adds anything to the prosecution of this appeal. Defendant has not taken any action against Harper and, according to the claims of Kudina and Harper, Defendant cannot take any action against Harper because he is not even a resident of the state of Oregon. As such, Harper has no Oregon income tax liability and has not filed an Oregon return. Accordingly, Harper is not aggrieved and he lacks standing.
Moreover, the concerns raised by Kudina and Harper are purely conjectural. They assume that, if Defendant is successful in its counterclaim, a change in Kudina's filing status will necessarily trigger a federal change to Harper's filing status. Even if that were true — an assertion the court is not deciding and, in fact, has no jurisdiction to decide — such a change is a federal matter, and Harper would have ample opportunity to challenge any such change through the normal procedures that exist for challenging changes made by the IRS to a taxpayer's federal return.
The court further concludes joinder is not necessary under TCR 29 A in order for a just adjudication of Kudina's appeal because the court can accord complete relief to those already parties to the appeal (Kudina and the Department of Revenue) without the presence of Harper as a party. A disposition in Harper's absence as a party will not "impair or impede [his] ability to protect [his] interest" in his federal filing status or leave him "subject to a substantial risk of *Page 5 
incurring double, multiple, or otherwise inconsistent obligations." TCR 29 A. The key point here is that the court can decide the appeal concerning Defendant's deficiency assessment against Kudina without the presence of Harper as a party; Harper can challenge any adverse effects that may result at the federal level from this court's change to Kudina's state filing status (should such a change occur) if, and when, such federal action is taken.
 CONCLUSION
For the reasons set forth above, the court concludes that Harper's attempt to enter the case as a party defendant should be and is hereby denied. Now, therefore,
IT IS ORDERED that Harper's May 13, 2009, John Harper's Notice of Intend to Defend and Joinder of Parties is denied; and
IT IS FURTHER ORDERED that the case will proceed as scheduled, with trial to be held June 17, 2009, commencing at 9:30 a.m., in the courtroom of the Oregon Tax Court in Salem, Oregon.
Dated this ___ day of May 2009.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Magistrate Dan Robinson on May 27, 2009.The Court filed this document on May 27, 2009. *Page 1